IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATHARINE E. WEBB,

           Plaintiff,

v.

PLAYMONSTER GROUP, LLC,

           Defendant.

OPINION and ORDER

25-cv-231-jdp

---

This court previously granted default judgment to plaintiff Katharine Webb on claims that Playmonster LLC (Webb's former employer) fired her because she was pregnant and because it did not want to give her medical leave, in violation of Title VII of the Civil Rights Act of 1964 and the Family and Medical Leave Act (FMLA). The court awarded Webb approximately $173,000 in damages, attorney fees, and costs. *See Webb v. Playmonster LLC*, No. 23-cv-442-jdp, 2024 WL 1675062 (W.D. Wis. Apr. 18, 2024). Now Webb is suing a different entity, Playmonster *Group* LLC, and she seeks to enforce the default judgment against the new defendant under a theory of successor liability, alleging that Playmonster Group acquired Playmonster LLC's assets, continued it operations, and employed most of the same people.[1]

Playmonster Group moves to dismiss, contending that there is no federal cause of action for successor liability, so the court does not have subject matter jurisdiction, and the complaint

---

[1] The original defendant in case no. 23-cv-442-jdp was Playmonster Group, LLC, but Webb amended her complaint to substitute Playmonster LLC, stating that "[t]he Defendant advised Plaintiff of the incorrect party and the need for the correction from Playmonster, Group, LLC to Playmonster LLC." Case no. 23-cv-442-jdp, Dkt. 7, at 2. Neither party contends that the alleged advice Webb received is relevant to the motion to dismiss, so the court will not consider that issue.

also fails to state a claim upon which relief may be granted. The court has jurisdiction regardless of any federal claims in this case because Webb has alleged the requirements for diversity jurisdiction under 28 U.S.C. § 1332. But the court agrees with Playmonster Group that federal law does not recognize an independent cause of action for enforcing a judgment under Title VII or the FLMA against a successor in interest. A successor can be sued under Title VII and the FMLA, but the plaintiff must prove the elements of those claims against the successor. This may seem unfair, but controlling precedent on this issue leaves no room for debate. Wisconsin common law may recognize a cause of action for enforcing a judgment against a successor, but Webb does not contend that she can meet the requirements for a state-law claim.

The court will dismiss the complaint for failure to state a claim. But Webb may amend her complaint to either assert a state-law cause of action for successor liability or to sue Playmonster Group for violating Title VII and the FMLA.

## ANALYSIS

Playmonster Group's motion to dismiss raises two issues: (1) does the court have jurisdiction over the case? and (2) does Webb state a claim under federal or state law for successor liability. The court will address each issue in turn.

### A. Subject matter jurisdiction

Webb asserts two bases for subject matter jurisdiction in her complaint: (1) Section 1331, which applies to cases "arising under" federal law; and (2) Section 1332, which applies when the parties are citizens of different states and the amount in controversy is more than $75,000. For the reasons discussed in the next section, the court agrees with Playmonster

Group that Webb's claims do not arise under federal law, so the court cannot exercise jurisdiction under § 1331.

But Playmonster Group simply ignores Webb's alternative basis for exercising jurisdiction under § 1332. At the pleading stage, it is enough if the plaintiff has plausible allegations that the jurisdictional requirements are satisfied. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 74 (7th Cir. 2015).

As for diversity of citizenship, Webb alleges that she is a citizen of Illinois, Dkt. 1, ¶ 7; and she alleges that Playmonster Group is a limited liability company whose sole member is a citizen of Massachusetts, *id.* ¶ 5. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998) (citizenship of limited liability company is the citizenship of its members). So Webb has alleged diversity of citizenship.

As for the amount in controversy, the judgment Webb seeks to enforce was for approximately $173,000. The complaint does not say whether Webb has recovered any portion of the judgment from Playmonster LLC. But Webb alleges that Playmonster Group acquired all of Playmonster LLC's assets and that Playmonster LLC cannot satisfy the judgment, Dkt. 1, ¶¶ 17, 24, so it is reasonable to infer that more than $75,0000 is in controversy.

It is plausible to infer from Webb's allegations that the court can exercise jurisdiction under § 1332, so the court will not dismiss the case for lack of jurisdiction.

B. **Claim for successor liability**

The remaining question is whether Webb states a claim under federal or state law for successor liability. As for federal law, there is a threshold question whether federal law gives her a right to sue. Federal common law alone is not enough to create a cause of action for successor liability; the plaintiff must point to a federal statute or an implied cause of action

3

that gives her the right to sue. *E. Cent. Illinois Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 956, 961 (7th Cir. 2021). Webb contends that the FMLA and Title VII create causes of action for successor liability. The court will consider both statutes, along with a potential claim under state law.

### 1. The FMLA

As for the FMLA, Webb contends that two provisions collectively give her the right to enforce her prior judgment against a successor. First, she cites 29 U.S.C. § 2617(a)(2), which states that "any employer who violates § 2615 of [the FMLA] shall be liable to any eligible employee for damages." Second, she cites 29 U.S.C. § 2611(4)(A), which defines "employer" to include successors in interest of an employer.

The cited provisions do not help Webb. They allow an employee to sue a successor in interest for violations of the FMLA. They do not allow a plaintiff to enforce a judgment against a successor. The importance of that distinction was explained in *Prather Plumbing & Heating*, 3 F.4th 954. The plaintiffs in that case were attempting to enforce a judgment under the Employee Retirement Income Security Act (ERISA) against a successor in interest. The plaintiffs relied on 29 U.S.C. § 1132, which is ERISA's general enforcement provision. But that provision was not sufficient because the plaintiffs were not suing the successor for violating a substantive provision in ERISA. The plaintiffs needed a provision that "authorize[d] a lawsuit to hold a successor liable for a prior ERISA judgment," *Prather Plumbing & Heating*, 3 F.4th at 961, but ERISA does not contain such a provision. The court acknowledged that it had "recognized the successor doctrine as a means of holding one party liable when the lawsuit contains some independent federal cause of action." *Id.* But the court was "aware of no case . . . recognizing a standalone federal right of action to collect an ERISA judgment against an alleged

4

successor, and [the court] decline[d] to create a private right of action where the statute has not." *Id.*

*Prather Plumbing & Heating* controls this case. Like ERISA, the FMLA does not include a provision authorizing a cause of action to enforce a judgment against a successor in interest. It is true that the FMLA includes a provision allowing successors to be sued. But that provision is simply a codification of the federal common law rule recognized in *Prather Plumbing & Heating* allowing successors to be sued for the predecessor's statutory violations. Webb is not asserting a claim that Playmonster Group violated a substantive provision of the FMLA, so she cannot rely on § 2617(a)(2) and § 2611(4)(A).

Webb ignores *Prather Plumbing & Heating* in her brief, even though that case is a focus of Playmonster Group's brief. Webb relies instead on *Anderson v. Abbott*, 321 U.S. 349 (1944), but that case is not instructive. In *Anderson* a receiver sued a bank's shareholders to hold them liable for a judgment against the bank. The Supreme Court allowed that, not because of successor liability or similar doctrine, but because "a federal law, 12 U.S.C. §§ 63, 64 . . . specifically made shareholders of an undercapitalized federal bank liable up to the par value of their stock, regardless of the amount actually invested." *Peacock v. Thomas*, 516 U.S. 349, 354 (1996) (discussing *Anderson*). In other words, the plaintiffs in *Anderson* relied on a statute that expressly authorized their claim. As already explained, Webb does not cite a comparable FMLA provision, so the court will dismiss Webb's successor liability claim under the FMLA.

2. **Title VII**

Webb does not cite any statutory provisions in Title VII that authorize a cause of action for successor liability. Instead, she cites *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740 (7th Cir.

5

1985), in which the court held that an employee could sue an employer's successor in interest for Title VII violations under certain situations. But *Musikiwamba* is simply a federal common law version of the successor liability doctrine recognized by statute in the FMLA. *Prather Plumbing & Heating* forecloses any argument that federal common law creates a cause of action to enforce judgments against successors in interest. The court stated: "All told, it does not matter that this dispute involves the application of a federal common law doctrine and indirectly concerns obligations under ERISA." 3 F.4th at 962. Rather, the plaintiff must identify a federal statute or an implied cause of action. *Id.* Webb has not done that, so the court must also dismiss Webb's claim for successor liability under Title VII.

3. **State law**

This leaves the question whether Webb could sue Playmonster Group for successor liability under Wisconsin law, which may recognize claims for successor liability in a narrow set of circumstances. *See Veritas Steel, LLC v. Lunda Construction Company*, 2020 WI 3, ¶ 18, 389 Wis. 2d 722, 937 N.W.2d 19.[2] But Webb did not assert a state-law successor liability claim in her complaint, even though she asks the court to exercise diversity jurisdiction under § 1332. In fact, Webb implies that she cannot meet the requirements for successor liability under state law, stating that the test under Wisconsin law is more onerous than federal law. Dkt. 14, at 9. As one example, Webb cites the requirement that there be a common identity of officers, directors and stockholders between the two companies. *Veritas Steel*, 2020 WI 3, at ¶ 31.

---

[2] Neither party conducts a choice-of-law analysis, but Webb assumes, and Playmonster Group does not dispute, that Wisconsin law would apply to a state-law successor liability claim. *See FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir. 2002) ("[T]here's no discussion of choice of law issues, and so we apply the law of the forum state.").

Regardless of whether Webb believes she can satisfy the state-law test, she has neither included allegations in her complaint under that test nor explained in her brief why she satisfies the test. So the court cannot allow Webb to proceed on a state-law claim.

## C. Conclusion

The court must dismiss the complaint because Webb has not identified a federal cause of action for successor liability, and she has not stated a claim under state law. But the general rule is that the court should give the plaintiff an opportunity to amend her complaint before the court enters judgment. *L. Offs. of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022). In this case, it would be futile for Webb to reassert federal claims for successor liability. But it is possible that Webb could state a claim for successor liability under state law, or she could assert claims for violations of Title VII and the FMLA, as she did in her previous case. The court does not determine in this order whether such a claim would be untimely or otherwise precluded or if Playmonster Group could be estopped from asserting such defenses because it misled Webb into suing the wrong entity in the previous lawsuit.

ORDER

IT IS ORDERED that:

1. Defendant Playmonster Group, LLC's motion to dismiss, Dkt. 11, is GRANTED, and the complaint is DISMISSED for failure to state a claim.

2. Plaintiff Katharine E. Webb may have until August 12, 2025, to file an amended complaint. If she fails to respond by then, the clerk of court is directed to enter judgment in Playmonster Group's favor and close this case.

Entered July 22, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge