IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATHARINE E. WEBB,

Plaintiff,

v.

PLAYMONSTER GROUP, LLC,

Defendant.

OPINION and ORDER

25-cv-231-jdp

---

Plaintiff Katharine Webb is suing defendant Playmonster Group, LLC for firing her in violation of Title VII of the Civil Rights Act of 1964 and the Family and Medical Leave Act (FMLA). Playmonster moves to dismiss the case as untimely.

Webb admits that she filed this lawsuit after her statutory deadlines. But she says that Playmonster is estopped from asserting a statute of limitations defense because she filed a timely lawsuit against Playmonster in 2023, but Playmonster convinced her to sue a different entity, Playmonster LLC. *See Webb v. Playmonster LLC*, No. 23-cv-442-jdp (W.D. Wis.). To avoid confusion, the court will refer to Playmonster LLC as Old Playmonster and Playmonster Group LLC as New Playmonster.

The 2023 lawsuit resulted in a default judgment against Old Playmonster, but the judgment was not enforceable because Old Playmonster is no longer a going concern. So now Webb seeks to hold New Playmonster liable for Title VII and FMLA violations under a theory

of successor liability, alleging that New Playmonster acquired Old Playmonster's assets, continued its operations, and employed most of the same people.[1]

For the purpose of its motion to dismiss, New Playmonster does not dispute that it qualifies as Old Playmonster's successor under federal law. The sole question raised by New Playmonster's motion is whether Webb has adequately pleaded estoppel in her complaint.[2] The court concludes that she has, so the motion to dismiss will be denied.

ANALYSIS

Under Title VII, a plaintiff has 90 days after receiving her right-to-sue letter to file a lawsuit. 42 U.S.C § 2000e-5(f)(1). Under the FLMA, the plaintiff must file her lawsuit within two years of the alleged unlawful conduct, or three years if the violation was willful. 29 U.S.C. § 2617(c). In this case, Webb alleges that the unlawful conduct occurred in 2021 and that she received her right-to-sue letter before she filed her 2023 lawsuit.

A failure to comply with the statute of limitations is an affirmative defense, which means that a plaintiff need not allege facts showing that her complaint is timely. *See Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). But the plaintiff can plead herself out of court if she alleges facts showing that the affirmative defense applies. *Andonissamy*

---

[1] Webb previously sought to enforce the judgment from Case no. 23-cv-442-jdp against New Playmonster in this case, but the court dismissed that complaint because "federal law does not recognize an independent cause of action for enforcing a judgment under Title VII or the FLMA against a successor in interest." Dkt. 18, at 2. Instead, the plaintiff must assert new claims under Title VII and the FMLA against the successor. *Id.*

[2] In a footnote, New Playmonster says that Webb did not properly exhaust her administrative remedies. Dkt. 21, at 4. New Playmonster forfeited this argument for the purpose of its motion to dismiss by failing to develop the argument. *See Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997–98 (7th Cir. 2014).

*v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008). In this case, Webb's allegations show that the limitations period ran long before she filed this lawsuit in 2025.

Webb says that New Playmonster is equitably estopped from asserting a statute of limitations defense. Both parties assume that a plaintiff has the burden of pleading equitable estoppel when the allegations show that the complaint is otherwise untimely. The parties do not cite case law on this issue, but the court of appeals has assumed that plaintiffs must plead equitable estoppel under those circumstances. *See, e.g.*, *Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019); *Smith v. Union Pac. R. Co.*, 474 F. App'x 478, 480 (7th Cir. 2012). And it is well established that the burden of proving equitable estoppel falls on the party asserting it, in this case Webb. *See Stark v. Dynascan*, 902 F.2d 549, 551 (7th Cir. 1990). So it follows that Webb must also plead estoppel.

The parties' briefs raise two threshold issues: (1) what are the requirements of equitable estoppel? and (2) which pleading standard applies? On the first issue, the parties cite different standards without acknowledging that they are doing so. In fact, both parties cite a standard that is more favorable for the other side. New Playmonster cites a two-element test: (1) the defendant took active steps to prevent the plaintiff from suing in time; and (2) the plaintiff actually and reasonably relied on the other party's actions. *Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019). Webb cites a three-element test: (1) the defendant made a misrepresentation; (2) the plaintiff reasonably relied on the misrepresentation; and (3) the plaintiff suffered a detriment. *LaBonte v. U.S.*, 233 F.3d 1049, 1053 (7th Cir. 2000). The key difference between the two standards relates to the first element: Webb's proposed test requires a misrepresentation; New Playmonster's proposed test covers any "active steps" by the defendant that prevented a timely filing. Webb's proposed standard applies only when estoppel

3

is being asserted against the government, *see id.*, so the court will apply the standard cited by New Playmonster.

The second issue is whether pleading estoppel is governed by the general notice pleading standard in Federal Rule of Civil Procedure 8 or the heightened pleading standard in Federal Rule of Civil Procedure 9(b). Webb assumes that Rule 8 applies. New Playmonster doesn't directly contradict that assumption, and, in fact, New Playmonster relies on cases such as *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which apply Rule 8. But New Playmonster also contends that Webb was required to allege "1) who exactly made the alleged misrepresentations and who received them; 2) the specific content or context of the alleged misrepresentations; 3) when or where the alleged misrepresentations occurred; and/or 4) why Plaintiff's reliance on the alleged misrepresentations was reasonable." Dkt. 21, at 7–8. Those are the sort of details required under Rule 9(b), not Rule 8. *See United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (under Rule 9(b), "[t]he complaint must describe the 'who, what, when, where, and how' of the fraud to survive a motion to dismiss").

Rule 9(b) applies only to allegations of fraud and mistake. It does not appear that the court of appeals has considered whether Rule 9(b) applies to equitable estoppel, and district courts are split. *Compare Telebrands Corp. v. My Pillow, Inc.*, No. 18-CV-06318, 2020 WL 291386, at *2 (N.D. Ill. Jan. 21, 2020) (Rule 9(b) does not apply to equitable estoppel) *with Arriaga v. Wells Fargo Bank, N.A.*, No. 09 C 2115, 2011 WL 4738522, at *4 (N.D. Ill. Sept. 30, 2011) (Rule 9(b) applies to equitable estoppel). In the absence of any binding authority or argument from the parties, the court will apply Rule 8. As already discussed, equitable estoppel

requires the plaintiff to show "active steps" by the defendant, which is not the same thing as fraud or mistake.

Under Rule 8, the plaintiff must allege enough facts to provide fair notice to the defendant and raise the plaintiff's right to relief above the speculative level. *Twombly,* 550 U.S. at 570 (2007); *Iqbal,* 556 U.S. at 678. Webb's allegations meet that standard for both elements of equitable estoppel.

Webb alleges that she originally sued New Playmonster in her 2023 lawsuit, within the statutory deadline for both of her claims, but counsel for New Playmonster represented to Webb's counsel that there was no connection between Old Playmonster and New Playmonster. Dkt. 19, ¶¶ 55, 76, 82, 89, 97. As a result, Webb says that she amended her complaint in the 2023 lawsuit, dropping New Playmonster and replacing it with Old Playmonster. This is consistent with the statement Webb's counsel made when amending the complaint in 2023 lawsuit: "The Defendant advised Plaintiff of the incorrect party and the need for the correction from Playmonster, Group, LLC to Playmonster LLC." Case no. 23-cv-442-jdp, Dkt. 7, ¶ 4. New Playmonster does not dispute that any conduct by its counsel may be imputed to New Playmonster.

At the pleading stage, it is reasonable to infer from Webb's allegations, both that New Playmonster took active steps in the form of contacting Webb's counsel to tell them that Webb was suing the wrong party, and that Webb reasonably relied on New Playmonster's conduct by amending her complaint. After all, New Playmonster was in the best position to know who the correct party was.

New Playmonster asserts two other reasons for rejecting an estoppel argument. First, New Playmonster says that Webb's allegations are untrue: "the reality is that counsel for [New]

Playmonster truthfully advised counsel for Plaintiff that Plaintiff was never employed by [New] Playmonster and was instead solely employed by" Old Playmonster. Dkt. 21, at 7–8. But Webb alleges that New Playmonster denied any connection with Old Playmonster, and the court must accept that allegation as true at the pleading stage. *Iqbal*, 556 U.S. at 669.

Second, New Playmonster states in a footnote that Webb's allegations suggest only that New Playmonster provided "incorrect legal advice," and "[r]eliance on a known adversary's legal advice is not reasonable." Dkt. 21, at 9 n.5 (quoting *Atwell v. Lisle Park Dist.*, 286 F.3d 987, 992 (7th Cir. 2002)). But liberally construed, the amended complaint alleges that New Playmonster misrepresented *facts*, including its relationship with Old Playmonster, so it would be premature to reject the estoppel argument based on unreasonable reliance.

One final point. Even if estoppel applies, that does not mean that a claim has no statute of limitations. Rather, equitable estoppel tolls the limitations period only until "the circumstance giving rise to the estoppel is removed." *Shropshear v. Corp. Counsel of Chi.*, 275 F.3d 593, 597 (7th Cir. 2001). And there is some tension in the law regarding what a plaintiff's own obligations are if she delays suit because of the defendant's conduct. *Compare id.* ("[T]he plaintiff's lack of due diligence is not a defense [to a claim of equitable estoppel]."), *with Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 931 (7th Cir. 2015) ("Equitable estoppel . . . applies only when plaintiffs act with reasonable diligence to discover and file their claims."). The court need not resolve that tension now because New Playmonster does not contend that Webb unreasonably delayed in bringing this lawsuit after discovering that New Playmonster was the correct defendant. If additional facts show that New Playmonster did not mislead Webb, that Webb's reliance was not reasonable, or that Webb

knew or should have known sooner that New Playmonster was the correct defendant, New Playmonster may raise those issues in a motion for summary judgment.

ORDER

IT IS ORDERED that defendant Playmonster Group, LLC's motion to dismiss, Dkt. 20, is DENIED.

Entered November 20, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge